IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE CATHY RUSSAW, <br> AIS #249391, <br><br> Petitioner, <br><br> v. <br><br> CYNTHIA WHEELER-WHITE, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:09-CV-450-TMH <br> ) <br> ) <br> ) <br> ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie Cathy Russaw ["Russaw"], a state inmate, on May 14, 2009. In this petition, Russaw challenges the amount of time-served credit awarded to her by the Circuit Court of Houston County, Alabama on a conviction for manslaughter imposed upon her in September of 2006. Specifically, Russaw argues that she is entitled to additional credit towards the sentence imposed for "her time on bond" awaiting trial. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 5.[1] Russaw also references the denial of a

---

[1] Contrary to the respondents' assertion, the petitioner's challenge to the length of her sentence -- i.e., alleged entitlement to additional jail credit -- states a claim which may be raised in a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the mere fact this claim is before the court in a habeas petition in no way suggests the claim provides a basis for federal habeas relief. To obtain relief from this court, the petitioner must have filed the petition in a timely manner and have met the procedural requirements of federal law. If these obstacles are met, the petitioner must then demonstrate the trial court violated her constitutional rights in denying her the requested jail credit.

January 19, 2009, motion in which she sought reduction of restitution.[2]  Finally, Russaw alleges that the prison in which she is confined is overcrowded.  *Id*. at 7.

Pursuant to the orders of this court, the respondents filed answers in which they argue that the claims presented in the instant habeas petition provide no basis for federal relief.  Specifically, the respondents maintain that the claim regarding the amount of jail credit awarded to Russaw while on bond is barred by the one-year period of limitation and without merit because it fails to implicate the Constitution.  They further argue that the claims attacking the restitution imposed by the trial court and the conditions of confinement provide no basis for federal habeas relief.

Based on the foregoing, the court entered an order advising Russaw of the arguments presented by the respondents.  *Order of June 16, 2009 - Court Doc. No. 9*.  This order also provided Russaw an opportunity to show cause why her habeas petition relative to the jail credit claim should not be barred from review by this court as untimely filed.  *Id*. at 4-5.  Russaw filed nothing in response to this order.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as the claims raised therein

---

[2] The petitioner presents no facts in support of this claim and provides no federal basis for an attack on the restitution imposed upon her.

entitle Russaw to no relief from this court.

## II.  DISCUSSION - CLAIMS FOR RELIEF

### A.  Restitution and Conditions of Confinement

Initially, the court finds that Russaw's challenge to the amount of restitution ordered by the trial court and her claim regarding prison overcrowding are not cognizable in a petition for federal habeas relief, as these claims fail to implicate the constitutionality of her custody which is a requisite element for such a petition. 28 U.S.C. § 2254(a) (emphasis added)("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ***only on the ground that [she] is in custody in violation of the Constitution or laws ... of the United States***."). Consequently, the restitution and conditions claims are due to be dismissed.[3]

### B.  Jail Credit for Time Served on Bond

Russaw challenges the amount of time-served credit awarded by the Circuit Court of Houston County, Alabama on her manslaughter sentence and maintains she is due a reduction to the length of her sentence.  In support of this claim, Russaw argues that she is entitled to additional credit towards her sentence for "her time on bond" awaiting trial. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 5.

---

[3] Since the restitution and conditions of confinement claims are not cognizable in 28 U.S.C. § 2254 actions, the court finds that the one-year period of limitation and exhaustion requirements applicable to federal habeas petitions are irrelevant to the determination of these claims.

1. <u>Federal Period of Limitation</u>.  The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996, and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The respondents argue that Russaw's jail credit claim is barred by the limitation period as she failed to file her petition within one year of the date on which she, through the exercise of due diligence, could have discovered the factual predicate of this claim.

On August 14, 2006, Russaw entered a guilty plea before the Circuit Court of

Houston County, Alabama to a charge of manslaughter. On September 13, 2006, the trial court denied Russaw's application for probation and imposed a sentence of fifteen (15) years imprisonment for this conviction. Russaw did not appeal her manslaughter conviction and the Houston County Circuit Clerk prepared a transcript of record in this case on October 26, 2006, indicating the amount of jail credit owed Russaw on her sentence. The court does not find that Russaw could have had knowledge of this notation at the time the Circuit Clerk entered the information. However, it is clear that Russaw, through the exercise of due diligence, could have become aware of the amount of jail credit awarded to her within a reasonable time after this entry by simply requesting the information from her attorney or the trial court. For the limited purposes of this Recommendation, the court finds thirty days a reasonable time for Russaw to have sought this information. This thirty-day period of time lapsed on November 25, 2006. Thus, the one-year limitation period contained in section 2244(d)(1)(D) began to run on November 26, 2006.[4] In the absence of statutory tolling pursuant to the provisions of 28 U.S.C. § 2244(d)(2), or equitable tolling permitted petitioners under applicable federal case law, the limitation period expired on November 26, 2007.

    2. <u>Statutory Tolling</u>. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during

---

[4] The day of the act or event which triggers the start of the designated time period shall be excluded in computing the running of the period. Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*. In computing the time period, "count every day, including intermediate Saturdays, Sundays, and legal holidays...." Rule 6(a)(1)(B), *Federal Rules of Civil Procedure*

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." It is undisputed that Russaw failed to file any application for post-conviction relief or collateral review in the state courts challenging the amount of jail credit awarded to her by the Circuit Court of Houston County, Alabama. Thus, Russaw is not entitled to statutory tolling of the limitation period.

    3. Equitable Tolling. Case law directs the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*,

259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

Russaw presents no arguments relative to equitable tolling.  Moreover, a thorough review of the record establishes Russaw has not set forth the existence of any extraordinary circumstance that prevented her from filing a timely federal petition for habeas corpus relief.  Additionally, Russaw presents nothing which demonstrates she exercised diligence in pursuing her jail credit claim in a § 2254 petition.  The record is therefore devoid of evidence that Russaw's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond her control and unavoidable with the exercise of diligence.  *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999).  Thus, this court "cannot say that [Russaw] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5.  Thus, Russaw is not entitled to equitable tolling of the limitation period.

    4.  <u>Expiration of the Limitation Period</u>.  Based on the foregoing analyses, the court concludes that Russaw has failed to present any basis for either statutory or equitable tolling of the one-year federal period of limitation.  The limitation period therefore began

to run on November 26, 2006, and ran without interruption until its expiration on November 26, 2007. Russaw filed the instant petition for federal habeas corpus relief on May 14, 2009, over seventeen months after expiration of the federal period of limitation. Russaw has failed to demonstrate that this federal habeas action regarding the challenge to the length of her incarceration should not be dismissed as untimely filed.[5]

    5. <u>Lack of Merit</u>. Even had Russaw filed her habeas petition within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1)(D), the jail credit claim would entitle her to no relief from this court. "'As a general rule, a state prisoner has no federal constitutional right to credit for time served prior to sentence absent a state statute granting such credit.' *Palmer v. Dugger*, 833 F.2d 253, 254 (11th Cir. 1987). Alabama law does not permit a defendant to be given jail credit for the time she spent on bond prior to trial [as this credit is limited to time spent actually incarcerated prior to trial. *See Ala. Code* § 15-18-5]. Thus, Russaw had no federal constitutional right to jail credit for the time she spent

---

[5] The respondents also argue Russaw is not entitled to review of her jail credit claim because she failed to exhaust this claim in the state courts. When a petitioner fails to exhaust her federal claims in state court and is barred from raising these claims in state court by applicable procedural rules, the federal claims are procedurally defaulted. *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). It appears that, absent a showing of cause and prejudice or a fundamental miscarriage of justice, *Henderson*, 353 F.3d at 892, the procedural default doctrine would likewise exclude Russaw from receiving federal habeas relief on this claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-1733 (1999); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Since the court did not advise the petitioner of her potential procedural default, and in light of the determination that the jail credit claim is barred from review by the federal period of limitation, the court finds it inappropriate and unnecessary to address the exhaustion argument presented by the respondents.

on bond prior to trial, and, therefore her petition did not allege a violation of her federal constitutional rights." *Respondents' April 5, 2011 Response - Court Doc. No. 14* at 3-4. Accordingly, assuming *arguendo* the jail credit claim is not time barred, this claim entitles Russaw to no relief.

### III.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Willie Cathy Russaw on May 14, 2009, be denied; and

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before May 17, 2011, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of May, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE